

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TOBY MONTREAL WRIGHT, | * | CIV. 5:09-05106-RAL |
| Petitioner, | * | |
| vs. | * | OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## I. INTRODUCTION

Petitioner Toby Montreal Wright pleaded guilty to one count of an indictment charging Possession of an Unregistered Firearm under 26 U.S.C. §§ 5861(d), 5841, and 5871. United States v. Wright, CR 08-50054, D.S.D. Doc. 16. He was sentenced on December 9, 2008 to a term of ten years imprisonment and three years supervised release, consistent with the terms of his Plea Agreement. Id. at Doc. 23.

Petitioner now has filed pro se a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. Wright v. United States, CIV. 09-5106, Doc. 1. The basis of the motion is ineffective assistance of counsel in allegedly (1) failing to investigate the actual facts of the case; (2) failing to correctly advise the Petitioner of the relevant law in relation to the facts of Petitioner's case; (3) failing to conduct any meaningful investigation; (4) misinforming Petitioner about the effect of his plea agreement; and (5) failing to advise Petitioner of USSG §§ 4A1.1 and 4A1.2. The Court reads Petitioner's Memorandum of Law (Id. at Doc. 6) to raise two principal legal issues: (1) whether counsel was ineffective in failing to discuss the case more

thoroughly with Petitioner and file a motion to suppress evidence, and (2) whether any alleged ineffective assistance of counsel resulted in Petitioner's sentence not being calculated properly. The Court has conducted an initial evaluation of the motion, as required by the Rules Governing Section 2255 Proceedings for the United States District Courts, and finds that the Petition is subject to summary dismissal under Rule 4.

## II. DISCUSSION

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994) (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984)). The burden of establishing ineffective assistance of counsel is on the Petitioner, who must "overcom[e] the strong presumption that defense counsel's representation fell 'within the wide range of reasonable professional assistance.'" Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998) (citing Strickland, 466 U.S. at 689). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Id. (citing Strickland, 466 U.S. at 694). Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

To support a claim of ineffective assistance in conjunction with a guilty plea, a slightly modified two-prong test must be met. "To succeed on this claim, [Petitioner] must show ineffective assistance - that counsel's representation fell below an objective standard of

reasonableness - and prejudice - 'a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial.'" United States v. Garcia, 2009 WL 3486022, No. 05-30128, at *5 (D.S.D. 2009) (citing Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (quoting Hill, 474 U.S. at 59)).

A defendant can only waive his Constitutional right to insist that the charges against him be tried to a jury through a guilty plea that is "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618 (1998) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). The Supreme Court of the United States has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady, 397 U.S. at 755. Fed. R. Crim. P. 11(b)(2) also requires that a plea be voluntary.

To the extent that Petitioner claims that his guilty plea was involuntary because counsel rendered ineffective assistance, Petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea based on his representations at the plea hearing." Id. (quoting Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993)). Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Id. (quoting Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (citing Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)))).

Petitioner signed a factual basis statement wherein he admitted the conduct set forth in

the indictment. United States v. Wright, CR 08-50054, Doc. 17. Petitioner was fully advised of the consequences of pleading guilty and Judge Bogue found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to vacate or the Memorandum of Law filed in this case shows otherwise.

Judge Bogue determined, based upon the Petitioner's sworn testimony, that his plea did not result from force or promises (other than promises contained within the plea agreement). Petitioner's allegations as to ineffective assistance of counsel do not affect the determination as to the voluntariness of his guilty plea. Fed. R. Crim. P. 11(b)(3) requires that there be a factual basis for the plea. Judge Bogue determined that Petitioner's plea of guilty was "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

A plea is intelligently made where the petitioner "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Id. at 756-67.

Under Fed. R. Crim. P. 11(b)(1), a plea is intelligent where the Court determines that the

defendant understands his constitutional rights, that a guilty plea waives those rights, the nature of the charges, and the maximum possible penalties that may be imposed. At the change of plea hearing on September 17, 2008, Judge Bogue personally addressed Petitioner in open court and determined that Petitioner understood all those matters. Petitioner's allegations as to ineffective assistance of counsel do not detract from the finding that his plea was intelligently entered. Moreover, Petitioner's allegations are undermined by his statement at the change of plea hearing that he was fully satisfied with counsel's representation.

Petitioner, nevertheless, now claims that his counsel provided erroneous legal advice, leading Petitioner to believe that he could not challenge, under the Fourth Amendment, the legality of the vehicle search during which police seized the illicit firearm. Petitioner alleges that counsel informed him that the Court would find the vehicle search justified. The thrust of Petitioner's argument is that the case law that existed before Arizona v. Gant, 129 S. Ct. 1710 (2009), required that an effective attorney would file a motion to suppress.

In addressing the reasonableness of a warrantless search, every analysis "begins...with the basic rule that searches conducted outside the judicial process, without prior approval by judge or magistrate are *per se* unreasonable under the *Fourth Amendment* – subject only to a few specifically established and well-delineated exceptions." Gant, 129 S.Ct. at 1716 (2009) (emphasis in original). One of these exceptions was established by New York v. Belton, 453 U.S. 454 (1981), which held that when law enforcement has made a lawful custodial arrest of an occupant of an automobile, police may search the passenger compartment of the vehicle as an incident of that arrest. 453 U.S. at 460.

Gant "confined the applicability of the search-incident-to-arrest exception to two

situations." United States v. Davis, 569 F.3d 813, 816 (8th Cir. 2009). In Gant, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe that the vehicle contains evidence of the offense of arrest." Gant, 129 S.Ct. at 1723. "When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception of the warrant requirement applies." Id. at 1723-24.

Petitioner pleaded guilty on September 17, 2008. The Gant opinion was not issued until the following year. Therefore, an initial question is whether Gant applies retroactively to Petitioner's claim. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). As the Eighth Circuit has put it:

> When a Supreme Court decision results in a "new rule" of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, the rule only applies in limited circumstances. . . New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding. . ."

Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (denying Petitioner's section 2255 motion to set aside his sentence) (citing Schiro v. Summerlin, 542 U.S. 348 (2004); Teague v. Lane, 489 U.S. 288 (1989).

The Supreme Court of the United States has never held that Gant articulated a "new rule" of criminal procedure and has not made Gant retroactive to cases on collateral review. See, e.g., Lopez v. Vazquez, 2010 U.S. Dist. LEXIS 46225, No. 1:10-cv-00345, at *10 (E.D. Cal. Apr. 7, 2010) (finding that Gant did not state it was articulating a "new rule" and that the Supreme Court

-6-

did not hold that Gant should be retroactively applied on collateral review); Bess v. United States, 2010 U.S. Dist. LEXIS 46690, No. CV209-160 (S.D. Ga. Mar. 19, 2010) ("the Supreme Court has not made Gant retroactively applicable to cases on collateral review); United States v. Brown, 2009 U.S. Dist. LEXIS 47425, No. 8:06-246, at *4 (D.S.C. June 5, 2009). Therefore, assuming the accuracy of Petitioner's factual allegations, counsel did not perform ineffectively under Strickland when failing to advise Petitioner of the law as subsequently articulated in the Gant opinion.

Moreover, neither Gant nor its antecedents would even apply to the facts of the search at issue. As the Presentence Investigation Report indicates, the gun was not located during a search incident to arrest, but rather as part of an investigation into eyewitness reports of a man placing a sawed-off shotgun in the vehicle. With that report, law enforcement had probable cause under the circumstances to search the vehicle. Therefore, counsel did not perform unreasonably by foregoing filing of a motion to suppress, and Petitioner suffered no prejudice by counsel not more fully advising Petitioner of his Fourth Amendment rights. As a result, an evidentiary hearing addressing counsel's advice regarding the validity of the vehicle search is unnecessary.

Petitioner next alleges that counsel erroneously advised him that the vehicle search was justified under the Fourth Amendment. Petitioner argues that he had a reasonable expectation of privacy in the pool cue case containing the gun, which was in the car belonging to Jay Miller.

If the police have probable cause to believe that either a vehicle or a container within a vehicle contains contraband, evidence of crime, or other matter that may lawfully be seized, no Fourth Amendment violation occurs when the police open and search the container without a

warrant. See United States v. Ross, 456 U.S. 798 (1982); California v. Acevedo, 500 U.S. 565 (1991). Here, the police had reasonably trustworthy information of supporting facts and circumstances such as would persuade a person of reasonable caution to believe a search of the vehicle and container was justified. As the Statement of Factual Basis signed by Petitioner indicates, "On April 14, 2008, the Box Elder Police Department responded to a report of an individual with a sawed off shotgun at 118 Melody Lane, Lot #23 in Box Elder, South Dakota. Ultimately it was determined the defendant, Tobby [sic] Montreal Wright, was in possession of that weapon, which was a Savage, model 94, 12-gauge shotgun, bearing serial number R028114, with a barrel length of 14 inches." The Presentence Investigation Report reveals that, in responding to the call, police spoke with witnesses who reported that Petitioner placed the firearm in the back of a vehicle belonging to Mr. Miller. Police had probable cause to search the vehicle under the circumstances and to open the pool cue case containing the sawed-off shotgun.

Thus, Petitioner's allegations as to ineffective assistance of counsel do not affect the determination that the guilty plea was voluntary, intelligent, and had a factual basis. Only ineffective assistance of counsel claims affecting the voluntary and intelligent nature of the plea would be cognizable in a case where the defendant has entered a guilty plea. Petitioner cannot succeed on this claim for relief.

Petitioner further argues that his attorney failed to properly advise him regarding the United States Sentencing guidelines, specifically USSG §§ 4A1.1 and 4A1.2. He contends that as a result of the alleged ineffective assistance, he received an improperly calculated sentence.

First, there is no evidence here that Defendant's sentence was improperly calculated. Defendant appealed from the conviction and sentence, but the United States Court of Appeals

dismissed the appeal.

Second, Petitioner has failed to set forth even a preliminary showing that counsel was ineffective in conjunction with the sentencing. Petitioner cannot show that, absent any alleged errors, the outcome of his proceedings would have been different.

The district court must hold an evidentiary hearing on a § 2255 case that presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion and from the settled record that the Petitioner is not entitled to relief. Summary dismissal is therefore appropriate under Rule 4 of the Rules Governing Section 2255 Proceedings. Accordingly, it is hereby

ORDERED that Petitioner's motion to vacate, set aside, or correct sentence is denied.

Petitioner has not made a substantial showing of the denial of a constitutional right, as required for issuance of a Certificate of Appealability under Rule 11 of the Rules Governing Section 2255 Proceedings. Accordingly, it is hereby

ORDERED that no Certificate of Appealability of Petitioner's Section 2255 motion will be granted. This Order in no way affects Petitioner's ability to request issuance of a Certificate of Appealability by a circuit judge under Fed. R. App. P. 22.

Dated this 11th day of June, 2010.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
U.S. District Judge